**LOCAL 18, BRICKLAYERS, MASONS AND PLASTERERS' INTERNATIONAL UNION OF AMERICA, AFL-CIO, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 16054.**

United States Court of Appeals Third Circuit.

Argued March 28, 1967.

Decided May 4, 1967.

John A. Craner, Elizabeth, N. J. (Craner & Brennan, Elizabeth, N. J., on the brief), for petitioner.

Allison W. Brown Jr., N.L.R.B., Washington, D. C. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Marsha Swiss, Attorney, N.L.R.B., on the brief), for respondent.

Before HASTIE and SEITZ, Circuit Judges, and BODY, District Judge.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

This is a petition to review an order of the National Labor Relations Board ("Board") which found petitioner ("Union") guilty of certain unfair labor practices under the National Labor Relations Act ("Act").[1] The charge against the Union, based on 29 U.S.C.A. § 158(b) (1) (A) and (b) (2), was that it had refused to refer the Charging Party out for employment as a cement finisher from its exclusive hiring or referral hall. It was asserted that this was done because he was not a member of the Union. He had previously been expelled from the Union.

A hearing on the Board's charges was held before a Trial Examiner ("Examiner") at which the attorney for the General Counsel put in its case and the Charging Party testified. At this point the Union moved to dismiss the complaint for failure of General Counsel to make out a prima facie case. The Examiner filed an opinion granting the Union's motion on the ground asserted. Thereafter,

1. The Board also seeks an enforcement order.

upon a Request for Review, the Board on June 8, 1965 affirmed the Examiner's order in its entirety. Counsel for the General Counsel took no further action.

On September 14, 1965, the Board entered an order granting the Charging Party's Motion for reconsideration and found that he had made a prima facie case. It remanded the matter to give the Union an opportunity to put in its case and for General Counsel to present rebuttal testimony.

Commencing on October 13, 1965, further hearings were held before the Examiner. Thereafter the Examiner again dismissed the complaint. General Counsel appealed to the Board which entered a Supplemental Decision and Order reversing the Examiner and finding that the Union had in fact violated the sections noted.

On this Review the Union claims that the Board committed two basic errors. First, it is claimed that the Board erred in granting the Charging Party's Motion to Reconsider. Second, it is asserted that the Board erred in reversing the Examiner's order dismissing the complaint after remand.

We consider initially the Union's contention that the Board erred in reconsidering the matter after having decided it in the Union's favor.

The Union's first position is that the Charging Party's motion of July 22, 1965 for reconsideration was filed beyond the time when the Board was authorized to consider it. The Board's order dismissing the charge was entered June 8, 1965. The motion to reconsider was filed pursuant to Section 102.48(d) of the Rules and Regulations of the Board. Rule 48 (d), after imposing various requirements, provides that:

"Any motion pursuant to this subsection shall be filed within 20 days, or such further period as the Board may allow, after the service of its de-

cision or order, except that a motion for leave to adduce additional evidence shall be filed promptly on discovery of such evidence. Any request for an extension of time must be received by the Board 3 days prior to the due date and copies thereof shall be served promptly on the other parties." [2]

Since the Board was dealing with an unrepresented Charging Party apparently with little education, it is important to see just what he did after being notified of the Board's decision of June 8, 1965 dismissing his complaint.

We turn to certain documents which the Union does not challenge our right to consider. On June 18, 1965, the Charging Party wrote the Board about his "appeal" saying that since several of his witnesses were not heard and thus full evidence in his case was not submitted he requested an "appeal". He also asked whether his "request for an appeal has been dismissed also". The Board by memorandum dated June 21, 1965 directed its secretary to answer the letter. On June 25, 1965, the Secretary wrote the Charging Party stating that the Board's order of June 8, 1965 was the final action of the Board. On July 1, 1965, the Charging Party acknowledged the Secretary's letter and stated that he understood that he could ask the Board to reconsider. He stated further that he needed more time and asked for a three week extension. On July 9, 1965, the Board's secretary gave the Charging Party until July 22, 1965 to file a motion for reconsideration. The motion was filed within the extended time.

The Union says that the motion for an extension came too late because it was not filed within three days prior to the due date (June 29, 1965) for the filing of a motion for reconsideration, this not being a case of newly discovered evidence. In view of the correspondence between the Charging Party and the Board to the effect that the Charging Party was

2. Counsel for the National Labor Relations Board has informed the Court that through inadvertence the second sentence here quoted was never published in the Federal Register but that it does appear in the Rules and Regulations of the Board as published in pamphlet form by the Government Printing Office.

first made definitely aware that the Board action was final when he received the letter from the Secretary dated June 25, 1965, we feel that the Board was entitled to treat the Charging Party's letter of July 1, 1965 requesting an extension as seasonably filed. It is important that the Rule be observed but it is equally important that it not be a vehicle for depriving a party of an opportunity asserted in good faith to have a matter reconsidered. We are satisfied that there appears in the record an adequate basis for the Board's action in granting the motion to extend the time for filing the motion for reconsideration.

█ The Union also asserts that the letter motion for Reconsideration dated July 22, 1965 did not comply with "particularity" requirements which are found in Section 102.48(d) of the Board's rules. The letter of July 22, 1965 is certainly inartfully worded but it must be evaluated against the apparent educational limitations of the Charging Party and his lack of legal representation. We think it contained sufficient information to form the basis for the Board's decision to reconsider the matter and to take the action of ordering a remand for the purposes indicated.

We come next to the Union's contention that the Board erred in reversing the Examiner's order dismissing the complaint at the end of the entire case.

The Union's contention is that the Board was not justified in overruling the Examiner's credibility findings and in deciding the matter contrary to the weight of the evidence.

█ We do not find it necessary at this time to decide whether the Board's action was justified. We say this because we think the matter must be returned to the Board for remand to the Examiner. It is clear, as the Board's opinion recognizes, that its reversal of the Examiner's decision was based on the cumulative effect of its evaluation of the evidence taken by the Examiner. Part of the evidence relied upon by the Board, as its opinion shows, was certain testimony of one Mabel Holland, a welfare investigator for the City of Elizabeth, New Jersey. Before the Examiner Mrs. Holland testified, inter alia, that about 5 or 6 months after the charge herein was filed one of the Union's agents told her that the Charging Party could not work without a Union card. On the motion of the Union's counsel this testimony was stricken by the Examiner as being beyond the scope of the pleadings. He felt that it was not relevant to the issue before him. He thereafter naturally refused the Union's counsel permission to cross-examine on this stricken aspect of the testimony. However, on review the Board decided that this testimony was relevant and admissible in resolving the charge here made. We agree. It went to the issue of credibility which was particularly important here inasmuch as the Union denied that in the assignment of work from the hiring hall the Charging Party had been passed over because he was not a Union member. But that does not end the matter. Since the evidence was given substantial weight by the Board in reversing the Examiner's decision the Union was materially prejudiced because it had not been afforded an opportunity to cross-examine the witnesses with respect to this matter. This important right cannot be ignored particularly since the direct testimony on this point plays an important part in the Board's decision.

We conclude that the matter must be remanded to afford the Union the right of cross-examination of the witness Holland. Also, the parties should be permitted to adduce additional evidence which is relevant to this aspect of the Holland testimony. We also take this occasion to note that certain testimony before the Examiner leaves something to be desired in terms of clarity of meaning, e. g., whether the Charging Party admittedly was in the Union Agent's office on one of the crucial dates. The parties have argued this matter to us. Since there is to be a remand we think it would also be appropriate that clarification of such matters be attempted at the further hearing.

We do emphasize that the remand should not be considered as an invitation to retry the entire matter although, of course, the Examiner must make a "new" determination. We know that the Board and all parties will recognize the importance of a prompt determination of this unduly delayed proceeding.

The order of the Board will be vacated and the matter remanded for further proceedings in accordance with this opinion.