**LOCAL 18, BRICKLAYERS, MASONS AND PLASTERERS' INTERNATIONAL UNION OF AMERICA, AFL–CIO, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD.**

**No. 17322.**

United States Court of Appeals Third Circuit.

Argued Jan. 9, 1969.

Decided March 4, 1969.

Rehearing Denied May 14, 1969.

See also 3 Cir., 378 F.2d 926.

John A. Craner, Craner & Brennan, Elizabeth, N. J., for petitioner.

Allison W. Brown, Jr., National Labor Relations Board, Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, National Labor Relations Board on the brief), for respondent.

Before BIGGS, FORMAN and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

This is a petition brought by Local 18, Bricklayers, Masons and Plasterers' International Union of America ("Union") to review, reverse and set aside the decision and order of the respondent National Labor Relations Board in this case made on March 1, 1968. The Board in turn cross-petitions for enforcement of that order, in which the Union was adjudged to have committed unfair labor practices in violation of 29 U.S.C. §§ 158(b) (1) (A) and (2), by refusing to refer Jesse Bulle, the charging party, for work because of his lack of union membership.[1]

This court has previously had occasion to pass upon certain issues raised by these parties, in the course of which it was stated that "a prompt determination of this unduly delayed proceeding" would be desirable.[2] Nonetheless, nearly two more years have now elapsed during which time, it may be safely assumed,

no ascertainable benefit has accrued to the advantage of any of the participants.

The tangled procedural and factual background is set forth in detail in the prior opinion and for the purposes of the issue raised herein it is only necessary to emphasize that in the initial hearing before the Trial Examiner, Mrs. Mabel Holland, a welfare worker acquainted with the financial problems of Mr. Bulle, testified that in February or March of 1965, she had a conversation with Sal Migliore, the Union business agent responsible for its shop referral system. She interpreted Mr. Migliore's statements to her at that time as indicating that he would not refer Mr. Bulle for work as long as the latter was not in possession of his Union book.

The Trial Examiner held Mrs. Holland's testimony to be irrelevant, leaving no purpose for her cross-examination. The Board, however, ruled that Mrs. Holland's testimony was corroborative of other testimony showing that Mr. Bulle had been refused work. It reversed the Trial Examiner's dismissal of the complaint and held that the Union had violated Section 8(b) (1) (A) and (2) of the National Labor Relations Act.[3]

In vacating the Board's order, this court remanded the case with the following instructions:

"We conclude that the matter must be remanded to afford the Union the right of cross-examination of the witness Holland. Also, the parties should be permitted to adduce additional evidence which is relevant to this aspect of the Holland testimony. We also take this occasion to note that certain testimony before the Examiner leaves something to be desired in terms of clarity of meaning, e.g., whether the Charging Party [Jesse Bulle] admittedly was in the Union Agent's office on one of the crucial dates. The parties have argued this matter to us. Since there is to be a remand we think

1. The record reveals that the Union operated under an exclusive employment referral system and that Mr. Bulle had been expelled from the Union in 1960.

2. Local 18, Bricklayers Union v. NLRB, 378 F.2d 926, 930 (3 Cir. 1967).

3. 159 NLRB 303 (1966).

it would also be appropriate that clarification of such matters be attempted at the further hearing." [4]

During the course of the hearing on remand before the Trial Examiner, Mrs. Holland was cross-examined as to her alleged conversation with Mr. Migliore. It was revealed that this conversation had actually taken place in August of 1963, rather than in February or March of 1965, as Mrs. Holland had initially testified. Since the Union's purported discriminatory treatment of Bulle had occurred in September of 1964, the Trial Examiner noted that the Holland testimony could not be considered as corroborative of other testimony tending to establish discrimination, but rather served "to 'shed light on the true character of matters occurring' during the crucial period." This, in conjunction with Mr. Migliore's corroborated admission that Mr. Bulle had been in his office on September 22, 1964, and had been told that no work was available, led to the Trial Examiner's holding

> "that during the period in question, jobs were available for assignment, that Jesse Bulle had requested assignment, and that Respondent refused to refer him because of his lack of membership in the Union, thus violating Section 8(b) (1) (A) and (2) of the Act."

The Board affirmed, adopting the findings and conclusions of the Trial Examiner.[5]

The Union now urges that the Trial Examiner erred in holding that he was bound by the credibility evaluation of witnesses made by the Board prior to this court's remand. This ruling, it is argued, nullified the purposes of that remand, since it prevented any meaningful re-examination of the Holland testimony. It is true that in the course of his opinion after remand the Trial Examiner stated that he had "no alternative but to accept as dispositive the Board's credibility evaluation of witnesses which constitutes the evidence upon which its findings and conclusions are based." As has been indicated above, however, the Trial Examiner did recognize that Mrs. Holland's account of her conversation with Mr. Migliore, as corrected on the remand, could no longer serve a corroborative purpose but instead would be regarded only as relevant background information in revealing the Union's true motivation. It is also to be noted that the Trial Examiner persisted in his refusal to rely on Mr. Bulle's testimony, which he found to be confused and inconsistent, despite the fact that the Board had previously concluded that it was relevant, uncontradicted and credible. There was, however, evidence in the record to justify the decision of the Trial Examiner and the Board, namely the admission of Mr. Migliore, which in turn was corroborated by two Union members.[6] As against the background provided by Mrs. Holland's testimony, it appears that the Board's decision is supported by substantial evidence when viewed in the light of the entire record.[7]

Accordingly, the Union's petition to reverse and set aside the decision and order of the Board of March 1, 1968 will be denied and the petition of the Board to enforce it will be granted.

4. 378 F.2d at 929.

5. 170 NLRB No. 4 (1968).

6. Union members Powell and Oliphant testified that they had seen Mr. Bulle at the Union Hall on September 22, 1964. Since the record shows that both were referred for jobs, it is apparent that work was available on that day.

7. Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).