NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

LOCAL 18, BRICKLAYERS, MASONS
AND PLASTERERS' INTERNATIONAL UNION OF AMERICA, AFL–CIO,
Respondent.

No. 71–1228.

United States Court of Appeals,
Third Circuit.

Argued Nov. 29, 1971.

Decided Dec. 22, 1971.

---

* The Honorable Russell E. Smith, Chief Judge of the United States District Court for the District of Montana, sitting by designation.

Ronald I. Tish, National Labor Relations Board, Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel,

Allison W. Brown, Jr., Attys., N.L.R.B., on the brief), for petitioner.

John A. Craner, Craner & Brennan, Elizabeth, N. J. (Ronald J. Nelson, Elizabeth, N. J., on the brief), for respondent.

Before SEITZ, Chief Judge, and KALODNER and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This case is before us on the application of the National Labor Relations Board (the Board) for enforcement of its supplemental order issued against Local 18, Bricklayers, Masons and Plasterers' International Union of America, AFL-CIO (the respondent Union). The matter was before this court heretofore. Local 18 Bricklayers, etc. v. NLRB, 407 F.2d 1309 (1969). In that case we entered judgment enforcing the Board's order directing the respondent Union to cease its discriminatory practices toward the charging party Jesse Bulle and to make him whole for any loss of earnings suffered as a result of the discrimination practiced against him. Following entry of that judgment the parties were unable to agree upon the amount of back pay due Mr. Bulle under the terms of the Board's order. The Regional Director then issued a back pay specification and notice of hearing. After several delays a hearing was held on March 31 and May 4–7, 1970. Following the hearing the Trial Examiner issued a supplemental decision awarding a specific amount of back pay to Mr. Bulle. The Board on January 27, 1971 affirmed the Trial Examiner's findings and conclusions (with a slight and for present purposes immaterial modification) and ordered the respondent Union to pay Mr. Bulle a total of $24,728.71 in back pay.

The respondent Union cannot in this case contest the propriety of the Board's finding an unfair labor practice or that of its decision that a back pay order was an appropriate remedy. Both

of those matters were decided in the Board's favor when the case was last before us. The Union argues however, that the Board improperly calculated back pay when it failed to take into account the charging party's failure to mitigate damage by availing himself of employment opportunities which were open to him, his failure to produce written records of employment, and his failure to accept a settlement offer made by the Union. With respect to the availability of employment and to Mr. Bulle's efforts to seek other employment the Board resolved credibility issues in favor of the charging party. His testimony was not clearly incredible. The settlement offer, which was made at a hearing on August 14, 1967, was one to have Mr. Bulle referred out for employment without discrimination by the respondent Union's hiring hall, or alternatively to get him a membership in another, less desirable local. The alternative offer was, however, conditioned upon his relinquishing the remedy of back pay for past discrimination and the protection of a Board order prohibiting future discrimination. The Board's conclusion that Mr. Bulle need not have mitigated future damages by giving up both a claim for past damages and the prospective protection of a Board order is amply supported by the record and by common sense. There is substantial evidence in the record as a whole to support the findings of the Trial Examiner which the Board affirmed. We cannot disturb these findings. NLRB v. Babcock & Wilcox Co., 351 U.S. 105, 112, 76 S.Ct. 679, 100 L.Ed. 975 (1956); Universal Camera Corp. v. NLRB, 340 U.S. 474, 491, 71 S.Ct. 456, 95 L.Ed. 456 (1950). The appropriateness, in the circumstances, of the back pay order was for the Board to determine in the exercise of its informed discretion. NLRB v. J. H. Rutter-Rex Manufacturing Co., 396 U.S. 258, 90 S.Ct. 417, 24 L.Ed.2d 405 (1961).

The supplemental order of the National Labor Relations Board will be enforced.