**UNITED STEELWORKERS OF AMERICA, AFL–CIO, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 71–1460.

United States Court of Appeals, Third Circuit.

Argued Feb. 11, 1972.

Decided March 9, 1972.

William H. Schmelling, Pittsburgh, Pa., for petitioner.

Robert M. Landis, Dechert, Price & Rhoads, Philadelphia, Pa., for intervenor.

Marjorie Gofreed, N. L. R. B., Washington, D. C., for respondent.

Before MARIS and MAX ROSENN, Circuit Judges, and VAN ARTS-DALEN, District Judge.

## OPINION OF THE COURT

PER CURIAM:

This case is before us on the petition of the United Steelworkers of America, AFL-CIO (union) to review an order of the National Labor Relations Board dismissing a complaint against Henry Vogt Machine Company (the employer) pursuant to Section 10(c) of the National Labor Relations Act, 29 U.S.C. § 160(c) (1970). The facts are fully stated in the Board's decision and require no repetition here. The decision and order are reported at 190 N.L.R.B. No. 13.

The Henry Vogt Machine Company had been charged with violating Sections 8(a) (5) and (1) of the Act by unilaterally deciding not to pay a Christmas bonus in 1969. After hearing and the taking of testimony, the Trial Examiner concluded that the employer had engaged in an unfair labor practice by the unilateral discontinuance of the 1969 bonus payment and a refusal thereafter to meet with the union for the purpose of negotiating the matter. The Board, however, after a review of the record and findings of the Trial Examiner, concluded that the company did not violate the Act because there was a mutual understanding between the parties in their collective bargaining negotiations in the preceding August that payment of, nonpayment of and changes in Christmas bonuses would continue to remain within management's discretion. In examining these negotiations, the Board stated the facts, "realistically interpreted, indicate that the parties had reached a mutual understanding that the previous discretionary status of the bonus would remain unchanged." It, therefore, dismissed the complaint in its entirety.

We have carefully reviewed the record and find therein substantial evidence as a whole to support the Board's finding that the employer did not violate Sections 8(a) (5) and (1) of the Act. We will not disturb this finding. NLRB v. Babcock & Wilcox Co., 351 U.S. 105, 112, 76 S.Ct. 679, 100 L.Ed. 975 (1956); Universal Camera Corp. v. NLRB, 340 U.S. 474, 491, 71 S.Ct. 456, 95 L.Ed. 456 (1951); NLRB v. Local 18, Bricklayers, Masons & Plasterers' International Union of America, AFL–CIO, 453 F.2d 863 (3d Cir., filed Dec. 22, 1971).

The petition for review will be denied.